# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**KENNETH L. CRUTCHER** ]
    **Petitioner,** ]
     ]
**v.** ]      No. 3:10-0184
     ]      **Judge Echols**
**STATE OF TENNESSEE** ]
    **Respondent.** ]

## O R D E R

On December 11, 2009, the petitioner initiated this action with the *pro se* filing of a petition (Docket Entry No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus.

Upon preliminary review of the petition, the Court determined that it had not been filed in a timely manner. Accordingly, an Order (Docket Entry No. 10) was entered granting the petitioner twenty one (21) days in which to show cause why the petition should not be denied for that reason.

Since the entry of this Order, the petitioner has filed a response (Docket Entry No. 13). In the response, the petitioner does not question the Court's finding that this action is untimely. Rather, he attributes the untimeliness of the petition to his attorney's failure to provide him with current information and to petitioner's ignorance of the law.

A lawyer's mistake is not a valid basis for equitable tolling of the limitation period. <u>Jurado v. Burt</u>, 337 F.3d 638, 644-645 (6th

Cir. 2003). Nor is the petitioner's ignorance of the law sufficient to justify an equitable tolling of the limitation period. <u>Allen v. Yukins</u>, 366 F.3d 396, 403 (6th Cir.2004). Consequently, given the untimeliness of the petition, the petition is DENIED and this action is hereby DISMISSED. Rule 4, Rules --- § 2254 Cases.

Having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall NOT issue in this instance. 28 U.S.C. § 2253(c)(2).

It is so ORDERED.

Robert L. Echols
United States District Judge